

RECEIVED CLERK
**FILED**

2003 JUN -2 P 4: 37

U.S. DISTRICT COURT
DISTRICT OF UTAH

J. David Nelson (2385)
Bret W. Reich (9542)
NELSON, SNUFFER, DAHLE & POULSEN, P.C.
10885 South State Street
Sandy, Utah 84070
(801) 576-1400
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| INTERNATIONAL AUTOMATED SYSTEMS, INC. <br><br> Plaintiff, <br><br> vs. <br><br> OPTIMAL ROBOTICS CORP., PSC, INC., SMITH'S FOOD & DRUG CENTERS, INC. aka SMITH'S FOOD & DRUG STORES, INC.; THE KROGER COMPANY <br><br><br> Defendants. | Civil No.: 299 CV 517 <br><br> Judge Paul G. Cassell <br> Magistrate Nuffer <br><br> **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND COMPLAINT** |

Plaintiff by and through its attorney, J. David Nelson, submits the following memorandum

in support of Plaintiff's Motion to Amend Complaint.

### I. Introduction and Statement of Facts

This action for patent infringement is before the Court on Plaintiff International



Automation Systems, Inc.'s Motion to Amend Complaint.  Pursuant to Rule 15(a) of the Federal

Rules of Civil Procedure, a party is allowed to amend the party's pleading by a leave of court or

by written consent of the adverse party.  The rule also states that "leave shall be freely given when

justice so requires."  Plaintiff has obtained the following information that shows the exercise of

jurisdiction over Fred Meyer Stores, Inc. dba Fred Meyer ("Fred Meyer") by the Court is

appropriate:

1.  Fred Meyer has been registered to do business in the State of Utah since at least

September 19, 1984 and maintains a registered agent by the name of Corporation Service

Company located in Salt Lake City, Utah.  **Ex. 1**, *Utah Department of Commerce Business*

*Registration.*

2.  Fred Meyer is currently using and operating the infringing devices in Fred Meyer's

stores in Salt Lake County.  A visual inspection of these devices located at the Fred Meyer store

located at 455 South 500 East, Salt Lake City, Utah confirms that the devices used by Fred

Meyer's are the same infringing devices complained of in this action..  **Ex. 2**, *Affidavit of Bret*

*Reich.*

3.  Fred Meyer owns and operates several retail stores in Salt Lake County, including but

not limited to stores located in Salt Lake City (455 South 500 East, Salt Lake City, Utah); Granger

(4091 W 3500 S, West Valley City, Utah); Holladay (3215 S. Valley, Salt Lake City, Utah);

Sandy (825 E. 9400 S. Sandy, Utah); West Jordan (9000 S. Redwood Road, West Jordan, Utah).

2

4. Food 4 Less is using the infringing devices in California and Food 4 Less has stores located in Utah and is doing business in the State of Utah. *Ex. 2, Affidavit of Bret Reich*

## II. Standard of Review

At this early stage of the litigation, Plaintiff must make only a prima facie case of personal jurisdiction. Doe v. National Medical Servs., 974 F.2d 143, 145 (10th Cir. 1992). The allegations presented by Plaintiff must be taken as true to the extent they are uncontroverted by the defendant's affidavits. Rambo v. American Southern Ins. Co., 839 F.2d 1417 (10th Cir. 1988). All factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by defendant. *Id.* at 1417.

Personal jurisdiction can be broken down into either "general" or "specific" jurisdiction, and whether a court can assert either type of jurisdiction depends upon the subject matter of the claim asserted and the number and quality of contacts the non-resident defendant has with the forum. Harnishchfeger Engineers v. Uniflo Conveyor, 883 F. Supp. 608 (D. Utah 1995). The Utah long arm statute provides that it: "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." U.C.A. § 78-27-22. Accordingly, any set of circumstances that will satisfy due process will satisfy the long-arm statute. SII MegaDiamond, Inc. v. American Superabrasives Corp., 969 P.2d 430 (Utah 1998).

Consistent with due process, a court may exercise personal jurisdiction over a nonresident

defendant if minimum contacts exist between the defendant and the forum state such that

maintenance of the lawsuit would not offend "traditional notions of fair play and substantial

justice."  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980)

(quotation omitted). The minimum contacts standard may be met in one of two ways: (1) a court

may exercise general jurisdiction if the defendant's contacts with the forum state are continuous

and systematic; or (2) a court may exercise specific jurisdiction over a defendant if it

purposefully directs activities at residents of the forum and the litigation results from alleged

injuries that arise out of or relate to those activities. See Kuenzle v. HTM Sport-Und

Freizeitgeräte AG,102 F.3d 453, 455 (10th Cir. 1996).

### III.  Argument

### A.  Fred Meyer and Food 4 Less are Subject to the General Jurisdiction of the Court

The Utah Supreme Court has held that "general personal jurisdiction permits a court to

exercise power over a defendant without regard to the subject of the claim asserted. Ho v. Jim's

Enterprises Inc., 29 P.3d 633 (2001)(citing Arguello v. Indus. Woodworking Mach. Co., 838 P.2d

1120, 1122 (Utah 1992)).  For general personal jurisdiction to exist, the defendant must be

conducting substantial and continuous local activity in the forum State.  Arguello, 838 P.2d at

1122.  Utah courts are to consider several factors, none of which is alone the sine qua non to

establish a business presence in the State.  Hill v. Zale Corp., 482 P.2d 332, 334 (1971).  The list

of factors includes, but is not limited to, whether the non-resident defendant is:

4

1. licensed to do business in Utah;

2. engaged in doing business in Utah;

3. owning, leasing, or controlling property (real or personal) or assets in Utah;

4. maintaining and hiring employees in Utah;

5. advertising or soliciting business in Utah;

6. generating sales through revenue generated from in-state customers;

7. conducting activities that are sporadic or transitory as compared to continuous and systematic.

Hill, 482 P.2d at 334; Buddensick v. Stateline Hotel, Inc., 972 P.2d 928 (Utah Ct. App. 1998)

aff'd , 982 P.2d 88 (Utah 1999).  Fred Meyer's activities in the State of Utah fall within each of

the factors listed above.

By owning and operating the several Fred Meyer stores in Salt Lake City, Granger,

Holladay, Sandy, West Jordan and other stores located in Utah, Fred Meyer is subject to the

general jurisdiciton of Utah courts.  Likewise, Food 4 Less is subject to the general jurisdiction of

Utah courts for owning and operating several stores in Utah.

**B.  Fred Meyer and Food 4 Less are Subject to the Specific Jurisdiction of the Court**

In addition to being subject to the general jurisdiction of the Court, Fred Meyer and Food

4 Less are subject to the specific jurisdiction of the Court.  In Utah, a three-part inquiry is used to

determine whether specific personal jurisdiction exists: (1) the defendant's acts or contacts must

implicate Utah under the Utah long-arm statute; (2) a "nexus" must exist between the plaintiff's

claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process. Harnischfeger, 883 F. Supp. at 612-13. Utah courts frequently make a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute. SII Mega-Diamond, 969 P.2d at 433. Determining whether the court's exercise of personal jurisdiction violates the Due Process Clause is a two-step inquiry: (1) whether the Defendant has minimum contacts with Utah that he should reasonably anticipate being haled into court in Utah; and (2) whether the exercise of personal jurisdiction offends traditional notions of fair play and substantial justice. Omi Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091-92 (10th Cir. 1998).

### 1. Fred Meyer and Food 4 Less Should Reasonably Anticipate Being Haled into Utah Courts

As noted above, the contacts of Fred Meyers and Food 4 Less with Utah are pervasive. By registering to do business in Utah for the past nineteen years, distributing thousands of Fred Meyer products in the State to Utah residents and generating revenue from the sale of such products, owning substantial commercial real estate in Utah, and advertising to Utah residents, Fred Meyer has purposefully directed its activities at Utah residents and therefore Fred Meyer should reasonably anticipate being subject to the jurisdiction of Utah courts. Minimum contacts are sufficient if the defendant "purposefully avails itself of the privilege of conducting activities in the forum state." Far West, 46 F.3d at 1074.

### 2. Exercising Jurisdiction Will Not Offend Traditional Notions of Fair Play

6

Both Fred Meyer and Food 4 Less have decided to conduct business in the State of Utah by advertising, distributing and selling their products to Utah residents. Both parties receive revenue from selling products to Utah residents. Subjecting Fred Meyer and Food 4 Less to the jurisdiction of the Court would not offend fair play or substantial justice.

### 3. There is a Nexus Between the Parties' Activites and Plaintiff's Claims

The infringing self scan units are being used by the parties in the grocery business. The parties are using the self scanning units in their stores to sell products. Plaintiff's patent infringement claim is directly related to the activies being conducted by the parties.

### IV. Conclusion

For the reasons stated above, Fred Meyer and Food 4 Less are subject to the general and specific jurisidiction of the the Court. Plaintiff requests that the Motion to Amend Complaint be granted, that Plaintiff be granted leave to amend its Complaint and that the Third Complaint of the Plaintiff submitted herewith be entered.

DATED this ___ day of _____, 2003.

NELSON, SNUFFER, DAHLE & POULSEN

J. David Nelson
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the office of Nelson, Snuffer, Dahle & Poulsen,

P.C. and that I caused to be placed either in the United States mail, first class, postage prepaid;

faxed; and/or hand-delivered; a true and correct copy of the foregoing **MEMORANDUM IN**

**SUJPPORT OF THE MOTION FOR LEAVE TO AMEND COMPLAINT** to the following:

Drew M. Wintringham                          Sent via:
Russell DeClerck                             _____ Mail
CLIFFORD, CHANCE                             _____ Facsimile 212.878.8375
200 Park Avenue, 54th Floor                  _____ Hand-delivery
New York, NY  10166

Matthew M. Durham                            Sent via:
STOEL RIVES, LLP                             _____ Mail
ONE UTAH CENTER                              _____ Facsimile 801.578.6999
201 South Main Street, Suite 1100            _____ Hand-delivery
Salt Lake City, Utah 84111-4904

DATED this _____ day of _____, 2003.

8

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.